```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          BECKLEY

JAMES PRESTON SMITH,

      Petitioner,

v.                                      Case No. 5:07-cv-00225

THE UNITED STATES et al.,
THE BATF,
UNITED STATES ATTORNEYS et al.,
THE UNITED STATES CONGRESS,

      Respondents.
----------------------
JAMES PRESTON SMITH,

      Petitioner,

v.                                      Case No. 5:07-cv-00285

THE UNITED STATES,
THE FPOB,
WARDEN VEACH THP,
THE BAT&F,

      Respondents.
----------------------
JAMES PRESTON SMITH,

      Petitioner,

v.                                      Case No. 5:07-cv-00526

UNITED STATES et al.,

      Respondents.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are three civil actions filed by James Preston Smith

(hereinafter "Petitioner"), who is presently incarcerated at USP Terre Haute, in Terre Haute, Indiana. All of these matters are assigned to the Honorable Thomas E. Johnston, United States District Judge, and all of them are referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Petitioner's criminal conviction

By a single count Indictment filed on September 1, 1999, Petitioner was charged in this United States District Court with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). United States v. Smith, 5:99-cr-00161, docket # 1. On April 7, 2000, Petitioner pled guilty, pursuant to a written plea agreement, to the charge contained in the Indictment. Id., ## 54, 55.

Petitioner's sentencing hearing was conducted on July 10, 2000. Based upon Petitioner's six prior burglary convictions, the presiding District Judge determined that Petitioner qualified for an enhanced sentence of not less than 15 years under 18 U.S.C. § 924(e), the Armed Career Criminal Act. Petitioner was sentenced to a 207-month term of imprisonment, to be followed by a five-year term of supervised release. Id., # 63.

Petitioner filed an appeal in the United States Court of

Appeals for the Fourth Circuit, claiming that the District Court should have granted his motion to suppress evidence seized from his person during a pat-down search, that the statute under which he was convicted was unconstitutional, and that his sentence should not have been enhanced under the Armed Career Criminal Act based upon his prior burglary convictions.  On September 17, 2001, the Fourth Circuit affirmed the District Court's judgment.  United States v. Smith, 18 Fed. Appx. 201, 2001 WL 1082100 (4th Cir., Sept. 17, 2001).  Specifically, the Fourth Circuit found that the warrantless pat-down search of Petitioner incident to his arrest was not unlawful, that the felon in possession statute does not violate the Second Amendment or the Commerce Clause of the United States Constitution, and that Petitioner's sentence was properly enhanced under the Armed Career Criminal statute.

Petitioner sought a writ of certiorari in the United States Supreme Court; however, his petition was denied by the Supreme Court on February 25, 2002.  Smith v. United States, 534 U.S. 1165 (2002).

**B.   Petitioner's prior post-conviction filings**

On November 29, 2004, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in this district court.  Smith v. United States, 5:04-cv-01262.  On June 14, 2005, Petitioner filed a petition in the United States District Court for the District of Kansas, which was determined to be another Motion

to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. The Kansas court transferred that matter to this district, and the case was assigned Case No. 5:05-cv-00633. In both of those motions, Petitioner asserted claims of ineffective assistance of counsel. On December 22, 2005, the Honorable Joseph R. Goodwin, the District Judge assigned to those matters, consolidated those cases and dismissed them as being untimely filed section 2255 motions. Petitioner did not appeal that judgment order.

On June 19, 2006, Petitioner filed three separate documents, which were docketed as Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Those matters were: Smith v. Hayden et al., 5:06-cv-00479, Smith v. United States et al., 5:06-cv-00480, and Smith v. United States, 5:06-cv-00481.[1] The undersigned submitted Proposed Findings and Recommendation that Judge Johnston find that the petitions filed in those matters were actually second or successive motions to vacate, set aside or correct Petitioner's sentence and, thus, they should be dismissed as such under 28 U.S.C. § 2255. By Judgment Order entered March 8, 2007, Judge

---

[1] The undersigned notes that the proper respondent in a habeas corpus proceeding filed under section 2241 is the petitioner's custodian and that such a petition would normally be filed in the district court where the prisoner is incarcerated. In this case, Petitioner is now incarcerated in Indiana. However, because the nature of the relief sought by Petitioner in each of these cases is essentially the setting aside of his conviction and sentence, which must be reviewed in the court where the conviction was obtained, the undersigned finds it unnecessary to transfer these matters to the court in Indiana.

4

Johnston adopted the proposed findings and dismissed these three actions.

On August 17, 2006, Petitioner filed another document, which was docketed as a Complaint under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging violations of Petitioner's rights under the Second Amendment to the United States Constitution. <u>Smith v. United States et al.</u>, 5:06-cv-00645. The undersigned submitted a Proposed Findings and Recommendation ("PF&R") that Judge Johnston find that the complaint was actually a second or successive motion to vacate, set aside or correct Petitioner's sentence and, thus, it should be dismissed as such under 28 U.S.C. § 2255. By Memorandum Opinion and Judgment Order entered March 10, 2008, Judge Johnston adopted the findings and dismissed the action.

On November 20, 2006, Petitioner filed four other documents. The first was a document entitled "In the alternative writ of error habeas corpus cum causa Rule 17.1 - 28 U.S.C. 1251 - Amendment II Order to show cause." That document was assigned Case No. 5:06-cv-00990. The second document filed by Petitioner on November 20, 2006 was entitled "Writ of Habeas Corpus 28 U.S.C. § 2241 Federal rules of civil procedure 81(a)(2) Non-Statutory Habeas Corpus." That document was docketed as Case No. 5:06-cv-00991. The third document filed by Petitioner on November 20, 2006 was entitled "Quo Warranto (a)(2) Scire ficias against Judge or others No traverse

5

FOR VIOLATION OF THE UNITED STATES CONSTITUTION." That document was assigned Case No. 5:06-cv-00992. The fourth document filed by Petitioner on November 20, 2006 was entitled "Writ of Mandamus Pursuant to 28 U.S.C. Soldiers and Sailors civil Relief clause 28 U.S. Code 1333." That document was assigned Case No. 5:06-cv-00993. In all four of these documents, Petitioner again challenged the constitutionality of his firearms conviction.

On December 15, 2006, Petitioner filed yet another document entitled "STATUTORY & NON-STATUTORY WRIT OF HABEAS CORPUS in the alternative writ of mandamus writ of procedendo writ of error writ of certiorari writ of habeas corpus cum causa writ of habeas corpus adtestificandum, Writ of priveledge and ORDER TO SHOW CAUSE 28 USC 1333 civil." That document was assigned Case No. 5:06-cv-01047. In that document, Petitioner again raised, inter alia, a Second Amendment challenge to his firearms conviction and challenged his guilty plea and sentence.

The undersigned submitted a Proposed Findings and Recommendation ("PF&R") proposing that Judge Johnston find that the petitions or complaints filed in those matters were actually second or successive motions to vacate, set aside or correct Petitioner's sentence and, thus, they should be dismissed as such under 28 U.S.C. § 2255.

By Judgment Order entered July 6, 2007, Judge Johnston consolidated Case Nos. 5:06-cv-991 and 5:06-cv-1047 and denied

Petitioner's habeas corpus applications. By Judgment Order entered March 10, 2008, Judge Johnston consolidated Case Nos. 5:06-990, 5:06-cv-0992, and 5:06-cv-0993, and dismissed the petitions.

On January 19, 2007, Petitioner filed a document entitled "Petition in relation to Fraud on the Court(s) 28 U.S.C. 1333 soldiers and sailors civil relief Redress of Grievances." This document was docketed in Case No. 5:07-cv-00040. The document is in the form of an "Affidavit at Law" and alleges that Petitioner was "illegally forced into an illegal and unethical 'plea bargain'" through the ineffective assistance of his counsel. (# 1 at 1). Thus, Petitioner is again challenging the validity of his prior criminal conviction in this federal court for being a felon in possession of a firearm.

On February 21, 2007, Petitioner filed another document entitled "Writ of Habeas Corpus; in the alternative; writ of procedendo, writ of error, writ of certiorari, writ of habeas corpus cum causa, writ of habeas corpus ad testificandum (to testify), writ of priviledge, order to show cause, 28 U.S.C. § 2254." This document was docketed in Case No. 5:07-cv-00113. The document is styled "In the Court of Federal Claims Indiana Supreme Court." The document, though difficult to comprehend, again challenges Petitioner's guilty plea in this federal court to a charge of being a felon in possession of a firearm.

Also on February 21, 2007, Petitioner filed a document

7

entitled "Writ of Quo Warranto, 28 USC 2241, 81A2, pursuant to Art. II U.S. Constitution. 28 USC 1333 soldiers and sailers civil relief."  This document was docketed as Case No. 5:07-cv-00114, and challenges Petitioner's conviction for being a felon in possession of a firearm under the Second Amendment of the United States Constitution.

On March 12, 2007, Petitioner filed a "Petition for a Writ of Habeas Corpus, Non Statutory FRCvP 81(a)(2)," again challenging the validity of his conviction for being a felon in possession of a firearm.  On March 12, 2007, Petitioner also filed an addendum to his petition (# 3), and a letter-form Motion for Change of Venue (# 1)[2].  Those documents was docketed in Case No. 5:07-cv-00151.

By Memorandum Opinion and Judgment Order entered March 10, 2008, Judge Johnston consolidated Case Nos. 5:07-cv-00040, 5:07-cv-00113, 5:07-cv-00114, and 5:07-cv-00151, and dismissed them.

C. **Petitioner's present filings**

On April 5, 2007, Petitioner filed a "Writ of Habeas Corpus pursuant to 28 USC 1361 & non statutory habeas FRCVP 81(a)(2), challenging the Gun Control Act of 1968, and asserting that he was "forced into an illegal 'plea bargain' by fraud and trickery."  This case was docketed as No. 5:07-cv-00225.  On April 23, 2007,

---

[2]  Petitioner sent these documents to the Clerk's Office in Bluefield, West Virginia, presumably the division to which he wished the change of venue to occur.  However, Petitioner was convicted in the Beckley Division of the court, and he has demonstrated no cause for a change of venue.

Petitioner filed another document in that case, complaining that Respondents had not made an appearance in court.

On May 7, 2007, Petitioner filed a "writ of habeas corpus pursuant to 28 USC 2255, 2244, frcp 81(a)(2), 28 USC 1331 Soldiers and Sailers civil relief, Motion for a Jury Trial de nova, petition to life tenured judge," arguing that the Gun Control Act of 1968 is unconstitutional, and that he was "forced to take a so called 'plea bargain' upon threat of life imprisonment." This case was docketed as No. 5:07-cv-00285.  On May 21, 2007, he filed a document objecting to the referral to a magistrate judge.

On August 24, 2007, Petitioner filed a "writ of habeas corpus pursuant to frcp 81(a)(2) non statutory corpus 28 usc 1333," which is two pages of handwriting, followed by a typed document entitled, "Expatriation non statutory habeas corpus FRCVP 81 (a)(2)."  This case was docketed as NO. 5:07-cv-00526.  The handwritten document appears to complain about his plea agreement; the typed document constitutes his declaration that he has relinquished his citizenship of the United States, and is a State citizen of West Virginia.

All of the documents filed by Petitioner are difficult to comprehend.  However, all of these pending matters allege that the various respondents violated Petitioner's civil and constitutional rights in connection with his prosecution in this federal court for being a felon in possession of a firearm.  Petitioner continues to

challenge the constitutionality of 18 U.S.C. §§ 922(g)(1) and 924(e), and his conviction thereunder.

In all of these petitions, Petitioner seeks to withdraw his voluntary guilty plea and have a jury trial. Applications under 28 U.S.C. § 2255 are the exclusive post-conviction remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Petitioner had a direct appeal in which he unsuccessfully raised these issues. Petitioner's section 2255 motions addressing these issues were found to be untimely. Thus, he is procedurally barred from raising these issues in another section 2255 motion.

The fact that relief under section 2255 is barred procedurally by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed

10

under section 2255.  "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Thus, the undersigned proposes that the presiding District Judge **FIND** that each of these pending matters, regardless of the label given to them by Petitioner, amounts to a request for collateral review of Petitioner's conviction and sentence, without certification by the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3).  Under these circumstances, this court has no jurisdiction to consider Petitioner's claims, and these civil actions must be dismissed. The undersigned further proposes that the presiding District Judge **FIND** that such requests for collateral review are untimely and successive under 28 U.S.C. § 2255.

Moreover, Petitioner's challenges to the felon in possession and Armed Career Criminal statutes and their application in Petitioner's criminal case were previously raised and found to be without merit in Petitioner's direct appeal.  Collateral attacks cannot be made on the basis of issues litigated and resolved on direct appeal. Boeckhenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).  Consequently, the undersigned proposes that the presiding District Judge **FIND** that Petitioner is barred from again addressing those issues in habeas corpus.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  The undersigned has carefully examined each of Petitioner's pending petitions and has concluded that it plainly appears that Petitioner is not entitled to relief in any of these cases.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** each of the petitions filed in the above-listed civil actions.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED** in each of the above-referenced civil actions, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made,

and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals in each of these matters. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation in each of the above-listed civil actions and to mail a copy of the same to Petitioner.

    March 19, 2008
           Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge